## KLEBISCH v. SIEDLER.

(City Court of New York, General Term. June 19, 1893.)

Appeal from trial term.

Action by Charles W. Klebisch against Charles Siedler.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

Tillotson & Kent, for appellant.

Henry Wehle, for respondent.

VAN WYCK, J. The plaintiff sues upon two causes of action. The first is that he paid out for the defendant, and at his request, the sum of $1,262.50, for certain work done and materials furnished in the completion of a house owned by defendant; has been paid on account the sum of $387.26; and that the balance of $875.24 is still due him. The defendant disputes liability for the same, contending that such sum was paid out by plaintiff to his own use, while in possession of the house under a contract of purchase from defendant, and which plaintiff unjustifiably refused to perform. This disputed question was properly left for the jury to determine upon conflicting evidence. The jury, by returning a verdict for plaintiff of $1,143.54, found with plaintiff's contention as to his first cause and also as to his second cause of action, which was for the recovery of $335 for professional services rendered by him to defendant in and about the purchase and sale of the same house. Now, as regards defendant's alleged first and second counterclaims: His contention under the first was that this plaintiff, as a lawyer, rendered services to him as the receiver of a certain corporation, and presented to him, as such receiver, a bill for his (plaintiff's) services and disbursements for the sum of $2,723.59, and that he, as such receiver, paid the same in full to plaintiff; that in said bill he was charged twice with each of the items of disbursements of $35.60 and $102.30; and that plaintiff's charges therein for services were grossly in excess of the reasonable value of such services; and that plaintiff should account for a certain $250, the amount of his bid at the sale of a certain house. The value of such services became a disputed question under the evidence, and was left to the jury. The plaintiff conceded that the two items of disbursements had been doubly charged in the bill by mistake, but testified that, after discovery of the mistake, he had made and delivered to defendant, as such receiver, another account of credits and charges, which showed a large balance due him for services rendered to and disbursements made for such receiver by him, other than those mentioned in the bill of $2,723.59, and that in such other account he had credited defendant with these two items of $35.60 and $102.30, together with the item of $78.22, which had also been doubly charged in the first bill, as claimed in defendant's second counterclaim. These three items aggregate $216.12, and this second account is plaintiff's Exhibit M, in which appears this credit to defendant, as follows: "Less allowance by mistake, $216.30." Defendant admits that this account correcting the double charges was received. The jury were instructed that they had the right to say whether or not these three items were credited and allowed on such account, and whether or not the plaintiff should be charged with the bid of $250. The defendant's second counterclaim was for the $78.22 item, doubly charged, and which has already been considered, and was also to recover the sum of $697.58, which defendant contended he had paid to plaintiff in July, 1891, for services to be thereafter rendered by plaintiff to him as such receiver, and all this was denied by plaintiff in his reply to the alleged counterclaim. The burden was upon the defendant to prove that such sum was so paid to plaintiff, and that plaintiff had not thereafter performed services for him as such receiver which were reasonably worth such sum. One of the main questions which was disputed in the case was whether this sum of $697.58, with others, aggregating $4,115.57, was ever paid by defendant to plaintiff; the defendant contending that plaintiff agreed to buy from him the equity of a house for $4,115.57, and that this sum of $697.58 was

a part of the purchase price thereof, while plaintiff contended to the contrary. This question was properly submitted to the jury. The verdict for plaintiff for $1,143.54 is not against the weight of evidence, and should not be disturbed. Judgment and order appealed from affirmed, with costs.